IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAJER DESIGN & MARKETING, INC., a Wisconsin corporation,<br>    Plaintiff<br><br>v.<br><br>CHF INDUSTRIES, INC., a Delaware corporation,<br>    Defendant. | AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Case No. 07-CV-7046<br><br>JUDGE COAR |

    Plaintiff Bajer Design & Marketing, Inc., a Wisconsin Corporation, by its attorneys, Ryan Kromholz & Manion, S.C. by Joseph A. Kromholz and John M. Manion and Staes & Scallan, P.C. by Andrew Staes, Stephen Scallan and Joshua Whiteside, as and for its Amended Complaint alleges as follows:

1.   This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq. and is a complaint for patent infringement.

2.   Plaintiff Bajer Design & Marketing, Inc. (Plaintiff Bajer) is a corporation organized under the laws of the State of Wisconsin.

3.   Plaintiff Bajer has its principal place of business at 1801 Airport Road, Waukesha, Wisconsin, 53188.

4.   Plaintiff Bajer is engaged in the business of manufacturing, marketing and selling, *inter alia*, collapsible containers including foldable hampers.

5.  Plaintiff Bajer is the owner by assignment of U.S. Patent No. 5,964,533 ("the '533 patent" attached as Exhibit 1, the assignment attached as Exhibit 2) entitled "Hamper Apparatus and Methods"

6.  Plaintiff Bajer is the owner by assignment of U.S. Patent No. RE37,924 ("the '924 patent" attached as Exhibit 3, the assignment attached as Exhibit 4) entitled "Collapsible Container and Method of Making and Using Same."

7.  Plaintiff Bajer has the sole right to license others to manufacture, import, use, offer to sell, and sell products claimed in the '533 patent.

8.  Plaintiff Bajer has the sole right to license others to manufacture, import, use, offer to sell, and sell products claimed in the '924 patent.

9.  Defendant CHF is a Delaware Corporation having its headquarters at 1 Park Avenue, 9th Floor, New York, New York, 10016.

10. Defendant CHF is not licensed to manufacture, import, use, offer to sell, or sell products claimed in the '533 patent.

11. Defendant CHF is not licensed to manufacture, import, use, offer to sell, or sell products claimed in the '924 patent.

12. Defendant CHF Industries, Inc.. ("CHF") is a corporation that sells and offers for sale, foldable hampers and collapsible containers ("the Infringing Products").

13. The Infringing Products include a "Hello Kitty" Pop-Up Hamper (Exhibit 5).

14. The Infringing Product identified in Exhibit 5 is marked with United States Patent Number 6,360,760.

15. The Infringing Product identified in Exhibit 5 has no other patent marking.

16. A copy of U.S. Patent Number 6,360,760 is attached as Exhibit 6.

17. The Infringing Product identified in Exhibit 5 includes a framework, as illustrated in Figure 12 of U.S. Patent Number 6,360,760 that has end-to-end tensioning rods that are securely tied to the side loop frames of the framework.

18. The Infringing Product identified in Exhibit 5 includes a frame comprised of a plurality of flexible tension members each oriented in a loop.

19. The Infringing Product identified in Exhibit 5 includes a plurality of walls each coupled to one of said plurality of flexible tension members.

20. The Infringing Product identified in Exhibit 5 includes a bottom coupled to each of said plurality of walls so that a container is formed by a combination of said plurality of walls and said bottom.

21. The Infringing Product identified in Exhibit 5 includes a top coupled to each of said plurality of walls wherein said top has an opening therein for receiving articles such as toys or laundry.

22. The Infringing Product identified in Exhibit 5 is a collapsible container.

23. The Infringing Product identified in Exhibit 5 is a collapsible container having an open top.

24. The Infringing Product identified in Exhibit 5 includes a plurality of adjacent side panels.

25. The Infringing Product identified in Exhibit 5 includes a plurality of adjacent side panels wherein each of the side panels includes a continuous, non-interrupted, planar web having a perimeter.

26. The Infringing Product identified in Exhibit 5 including an edging attached to substantially the entire perimeter of the web and forming a continuous peripheral pocket and a continuous loop frame.

27. The Infringing Product identified in Exhibit 5 includes a frame being positioned within the continuous pocket.

28. The Infringing Product identified in Exhibit 5 includes side panels having a bottom side, a top side and two lateral sides.

29. The Infringing Product identified in Exhibit 5 includes a floor panel having a plurality of sides, each of said floor panel sides being attached to at least one of said side panel bottom sides.

30. The Infringing Product identified in Exhibit 5 includes the lateral sides of each side panel being attached to the lateral side of an adjacent side panel.

31. Defendant CHF's manufacture, use, offer for sale, and sale of the Infringing Products including the Infringing Product identified in Exhibit 5 is an infringement of Plaintiff Bajer Design's rights under the '533 patent.

32. Defendant CHF's manufacture, use, offer for sale, and sale of the Infringing Products including the Infringing Product identified in Exhibit 5 is an infringement of Plaintiff Bajer Design's rights under the '924 patent.

33. This Court has personal jurisdiction over Defendant CHF because Infringing Products have been sold in this district. See Exhibit 7.

34. This Court has personal jurisdiction over Defendant CHF because Infringing Products have been offered for sale in this district. See Exhibit 7.

35. Venue in this action is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant CHF resides in this district as the term "resides" is defined in 28 U.S.C. § 1391(c).

36. Venue in this action is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c) because CHF resides in this district as the term "resides" is defined in 28 U.S.C. § 1391(c) and because Defendant CHF is subject to personal jurisdiction in this district.

37. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1337, and 1338(a).

38. This Court has personal jurisdiction, under one or more subsections of 735 Ill. Comp. Stat. 5/2-209, over CHF because, upon information and belief, Infringing Products have been offered for sale in this district.

39. This Court has personal jurisdiction, under one or more subsections of 735 Ill. Comp. Stat. 5/2-209, over CHF because Infringing Products have been sold in this district.

40. Plaintiff, as a direct and proximate result of aforesaid acts of infringement and has suffered both past, present, and on-going monetary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as follows:

A. For a decree adjudging that United States Letters Patent No. 5,964,533 has been infringed by Defendant and that Plaintiff has been damaged by said infringement.

B. For an injunction permanently enjoining the Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the decree of this Court by personal service or otherwise, from directly or indirectly infringing the claims of United States Letters Patent No. 5,964,533.

C.  For an accounting and damages against Defendant, according to proof at the time of trial, for all damages suffered by Plaintiff by reason of the infringement by Defendant of United States Letters Patent No. 5,964,533 in an amount not less than a reasonable royalty, together with interest and costs, pursuant to 35 USC § 284.

D.  For a decree adjudging that United States Letters Patent No. RE37,924 has been infringed by Defendant and that Plaintiff has been damaged by said infringement.

E.  For an injunction permanently enjoining the Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the decree of this Court by personal service or otherwise, from directly or indirectly infringing the claims of United States Letters Patent No. RE37,924.

F.  For an accounting and damages against Defendant, according to proof at the time of trial, for all damages suffered by Plaintiff by reason of the infringement by Defendant of United States Letters Patent No. RE37,924 in an amount not less than a reasonable royalty, together with interest and costs, pursuant to 35 USC § 284.

G. For damages in an amount equal to three times the amount of damages found or assessed to compensate Plaintiff for any act of infringement by a Defendant that is determined to be a willful, deliberate and intentional act, pursuant to 35 USC § 284.

H. For an award of reasonable attorney fees against the Defendant, pursuant to 35 USC § 285.

I. That the Defendant be directed to pay the Plaintiff costs and interest incurred herein.

J. That the Plaintiff have such other and further relief as the circumstances of the case may require or as this Court deems just and proper.

DEMAND FOR JURY TRIAL - Plaintiff hereby demand a jury trial on all issues so triable.

Date: 19 December 2007

RYAN KROMHOLZ & MANION, S.C.

By: *Joseph Kromholz (by as)*
Joseph A. Kromholz (WI State Bar No. 1002464)
John M. Manion (WI State Bar No. 1021189)
Daniel R. Johnson (WI State Bar No. 1033981)
RYAN KROMHOLZ & MANION, S.C.
P.O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

LOCAL COUNSEL

By: _____
Stephen Scallan
Andrew Staes
Staes & Scallan, P.C.
111 W. Washington Street
Suite 1631
Chicago, IL 60602

Attorneys for Plaintiff-Bajer Design & Marketing