UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAJER DESIGN & MARKETING, INC.,<br>a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHF INDUSTRIES, INC.<br>a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 07 C 7046<br>)<br>)  Judge Hon. David H. Coar<br>)<br>)<br>) |

## AGREED MOTION FOR ENTRY OF A PROTECTIVE ORDER

Bajer Designs & Marketing, Inc. and CHF Industries, Inc. have conferred and agreed upon a proposed Stipulated Protective Order. The proposed protective order, a copy of which is attached hereto as Exhibit 1, is designed to prevent the unnecessary disclosure of trade secrets, and other confidential research, development, financial, marketing or proprietary information within the meaning of Rule 26(c). The order is designed to comply with the Court's standing order concerning protective orders.

Wherefore, the parties request that the Court enter the proposed protective order.

1622436.2

                          Respectfully submitted,

                          CHF INDUSTRIES, INC.

                By:   __s/ Shelley Smith_____
                            One of Its Attorneys

William D. Heinz
Shelley Smith
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

Patricia Smink Rogowski
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141

February 4, 2008

2

1622436.2

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing **Agreed Motion for Entry of a Protective Order** with the Clerk of the Court via the CM/ECF system to the following counsel of record:

Joseph Kromholz
Ryan, Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, WI 53226

Andrew Staes
Cole & Staes, Ltd.
321 S. Plymouth Ct.
Suite 1150
Chicago, IL 60604

                                                  s/ Shelley Smith
                                                   Shelley Smith

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAJER DESIGN & MARKETING, INC., a Wisconsin corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHF INDUSTRIES, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 07 C 7046 ) ) Judge Hon. David H. Coar ) ) ) |

### STIPULATED PROTECTIVE ORDER

WHEREAS, Bajer Design & Marketing, Inc. ("Bajer") and CHF Industries, Inc. ("CHF") recognize that, pursuant to the discovery or otherwise during the course of the lawsuit between Bajer and CHF (the "lawsuit"), the parties may be required to disclose trade secrets and other confidential research, development, financial, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil procedures; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Stipulated Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Stipulated Protective Order (hereafter "Order") shall control the disclosure, dissemination, and use of confidential information in the lawsuit:

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with the lawsuit and designated in accordance with this Order. A party may designate information or documents produced, used, or disclosed in connection with the lawsuit as "CONFIDENTIAL." Documents so designated are subject to the protection and requirements of this Order, if so designated in

EXHIBIT 1

writing to the other party, or orally if recorded as part of the deposition or court proceeding, pursuant to the terms of this Order. Information and documents that a party believes contain or refer to confidential research, development, design, manufacturing, business, commercial, or financial information, may be designated as "CONFIDENTIAL."

2. In the case of a document, a designation of "CONFIDENTIAL" shall be accomplished by marking the document with the appropriate legend "CONFIDENTIAL."

3. Information conveyed or discussed in testimony at a deposition or a Court proceeding shall be subject to this Order, provided that it is designated as "CONFIDENTIAL" orally or in writing either at the time of the deposition or Court proceeding or after receipt by the parties of the transcript. For such time as any information or documents designated "CONFIDENTIAL" are disclosed in a deposition, the party whose information or documents are to be disclosed shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. In the event that a party believes that "CONFIDENTIAL" information will be disclosed during a deposition, counsel for the party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL." In addition, a party shall have 30 days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL," as appropriate. If, within such 30 days, neither party designates in writing certain portions of the transcript as "CONFIDENTIAL" either party shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality.

4. The failure of a party to designate information or documents as "CONFIDENTIAL" in accordance with this Order, and the failure to object to such a designation, shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL." The parties understand and acknowledge that a party's failure to designate information or documents as "CONFIDENTIAL" either at or within the time specified in this Order relieves the other party of any obligation of confidentiality until the designation is actually made.

5. Other than by the producing party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with this lawsuit and shall not be disclosed to anyone other than:

   a) The Court and court personnel;

   b) Not more than 3 employees of a receiving party provided that:

   i) such disclosure is needed to assist in the prosecution or defense of this action;

   ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons, and

   iii) before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 6 must be followed;

   c) Counsel of record and in-house counsel for the parties and their employees within the legal department;

d) Testifying experts, investigators, consulting experts, and advisors who are independent of and not employed by a competitor of the producing party (including but not limited to a competitor's suppliers, contractors, and operators) who are retained for the purposes of the lawsuit, provided, however, that before such person is shown or received any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 6 must be followed; and

e) Persons testifying in depositions or court proceedings to the extent the "CONFIDENTIAL" document or information was authored by or addressed to the person testifying or such person is established as knowledgeable of such information or contents of the document prior to the disclosing the information or document.

6. a) The attorneys of record for the receiving party shall retain the original, executed Declarations (in the form of Exhibit A, hereto) that have been executed by that party, its employees, and/or that party's witnesses, testifying experts, investigators, consultants, and advisors;

b) Ten (10) business days prior to disclosure of any documents or information designated "CONFIDENTIAL" to an employee pursuant to Paragraph 5(b) above or to a testifying expert, investigator, consulting expert, or advisor pursuant to Paragraph 5(d) above, a copy of the person's executed Declaration shall be served by facsimile (with confirmation by first-class mail) or by hand delivery upon the producing party's counsel;

c) The producing party shall make any objections to the disclosure not later than ten (10) business days from the date of service. No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. Any such objections must be in good faith and not interposed for purposes of delay or harassment.

7. In the event that a party wishes to use any material or information designated by another party as "CONFIDENTIAL" in any pleading, exhibit, affidavit, brief, memorandum of law, or other paper filed with the Court in the lawsuit, such paper shall be treated as "Restricted Document" as defined by Local Civil Rule 26.2. All documents that include "CONFIDENTIAL" material shall be filed in a sealed envelope or other appropriate container and be marked: "Restricted Document pursuant to order of the Court."

8. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the lawsuit, including all appeals there from, all documents designated as "CONFIDENTIAL," all copies of documents designated as "CONFIDENTIAL" and all excerpts therefrom in the possession, custody, or control of the parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Counsel for a party may retain one (1) copy of each document, pleading, trial exhibit, deposition exhibit, work product, or transcript embodying documents or information designated as "CONFIDENTIAL" for archival purposes only, but shall destroy or return all other copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 8 have been completed.

9. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and either party may apply to the Court at any time for the amendment, modification, or addition to this Order. This Order shall survive the final disposition of the lawsuit, by judgment, dismissal, settlement, or otherwise.

10. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by either party of any information or documents that are currently in the party's lawful possession, custody, or control, that later come into the possession of the party from others lawfully in possession of such information or documents who are not parties to the lawsuit or bound by this or a comparable order or obligation, or that are required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the document or information designated as confidential pursuant to any law, regulation, order, or rule of any governmental authority, the party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other party to afford that party the opportunity to seek legal protection from the disclosure of such information or documents.

11. In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

12. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by either party that any information or document designated as "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of

discovery in the lawsuit beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this lawsuit.

13. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the producing party notifies the receiving party in writing via facsimile, with confirmation by first-class mail, of such inadvertent production promptly upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be promptly returned to the producing party upon request. Nothing in this Order shall prevent either party from requesting that the Court order the production of any such inadvertently produced documents, nor prevent a party requesting such production from contending that the original production did not constitute an inadvertent production or that the claim of inadvertent production was not made promptly.

14. This Order shall be without prejudice to the right of any party:
   a) to have determined by motion, at any time, whether any documents or information has been improperly designated as confidential, in which event, the party contesting the assertion of confidentiality shall have the burden of establishing the non-confidentiality of the documents or information; and
   b) to apply to the Court for relief from any of the requirements hereof, for good cause.

15. The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the order had been entered on that date.

7

16. In the event discovery is taken of any person ("Third Party") not a party to this action, such Third Party may elect to avail itself of and be bound by the terms of this Order by executing and filing a stipulation to that effect in the form of Exhibit B.

Counsel for Plaintiff

_____
Joseph A. Kromholz
Ryan Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, WI 53226-0618
Telephone: (262) 783-1300
Facsimile (262) 783-1211

_____
Andrew Staes
Cole & Staes, Ltd.
3221 South Plymouth Court
Suite 1150
Chicago, IL 60604
Telephone (312) 697-0200
Facsimile (312) 697-9960

Counsel for Defendant

_____
Patricia Smink Rogowski
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
Wilmington, DE 19899
Telephone (302) 658-9141
Facsimile (302) 658-5614

_____
Shelley Smith
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611

Telephone (312) 222-9350
Facsimile (312) 840-7212

SO ORDERED:

_____    _____
Date                                                                          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BAJER DESIGN & MARKETING, INC., )
a Wisconsin corporation, )
)
           Plaintiff, )
)
v. ) Case No. 07 C 7046
)
CHF INDUSTRIES, INC., ) Judge Hon. David H. Coar
a Delaware corporation, )
)
           Defendant. )

## EXHIBIT A

DECLARATION OF _____
            (Name of Declarant)

  I, _____, declare as follows:

  1. My address is _____

_____

  2. If I am a party's expert, investigator, or advisor, a copy of my curriculum vitae is attached.

  3. My present employer is _____

located at _____

_____

  4. My present occupation or job description is _____

_____

  5. I have received a copy of the Stipulated Protective Order entered in this action on _____

  6. I have carefully read and understand the provision of the Stipulated Protective Order.

7. I will comply with all the provisions of the Stipulated Protective Order.

8. I will hold in confidence, not disclose to anyone not designated in the Stipulated Protective Order, and will use only for the purpose of assisting in the resolution of disputes between the parties to this lawsuit, any information or documents designated as "CONFIDENTIAL."

9. I will return all documents designated as "CONFIDENTIAL" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for either party to this lawsuit, or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Stipulated Protective Order and of the terms of this Declaration.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON: _____.   BY: _____
            (Date)                                  (Signature)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAJER DESIGN & MARKETING, INC., a Wisconsin corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHF INDUSTRIES, INC., a Delaware corporation,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 07 C 7046<br>)<br>) Judge Hon. David H. Coar<br>)<br>)<br>) |

### EXHIBIT B

I hereby agree to join in and be bound by the Stipulated Protective Order issued by the Court in this matter on _____.

Date: _____　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　(NAME OF PARTY)

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　(SIGNATURE)

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　(TITLE)