IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAJER DESIGN & MARKETING, INC., a Wisconsin corporation,<br>　　　　　Plaintiff<br><br>　　　　v.<br><br>CHF INDUSTRIES, INC., a Delaware corporation,<br>　　　　　Defendant. | CONSENT JUDGMENT<br><br>Case No. 07-CV-7046<br><br>JUDGE COAR |

The Plaintiff, Bajer Design & Marketing, Inc. ("Bajer"), and the Defendant, CHF Industries, Inc. ("CHF"), having agreed to the entry of this consent judgment, it is ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action and jurisdiction over both the Plaintiff and Defendant.

2. Judgment is hereby entered in favor of Plaintiff and against Defendant on Plaintiff's claim of infringement of United States Patent No. 5,964, 533.

3. Judgment is hereby entered in favor of Plaintiff and against Defendant on Plaintiff's claim of infringement of United States Patent No. RE37, 924.

4. Defendant waives all defenses and counterclaims which were raised or could have been raised in this action including all defenses and counterclaims for invalidity, non-infringement, and/or unenforceability of the patents-in-suit.

5. United States Patent Nos. 5,964, 533 and RE37, 924 are valid and enforceable.

6. Plaintiff's claims for damages and attorney fees are dismissed with prejudice, provided, however, that any such claims shall be preserved with respect to any infringement of the patents-in-suit by Defendant after the date of entry of judgment.

7. Each party is to bear its own costs and attorney fees.

8. Defendant, its officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this PERMANENT INJUNCTION, are hereby permanently enjoined from making, using, selling, offering to sell or importing, or inducing others to make, use, sell, offer to sell, or import foldable hampers and collapsible containers of the type accused of patent infringement in the Complaint, including: a "Hello Kitty Hamper" (Complaint Exhibit 5), absent Defendant being granted a license by Plaintiff under United States Patent No. 5,964,533 and United States Patent No. RE37, 924, and Defendant not being in any uncured breach of the terms or conditions of any such license so granted.

9. This PERMANENT INJUNCTION shall remain in effect until any one of the following events occurs: (1) the expiration of United States Patent No. 5,964,533 and United States Patent No. RE37, 924, or (2) all of the claims of United States Patent No. 5,964,533 and United States Patent No. RE37, 924 are held to be invalid or unenforceable by a final order of a court of competent jurisdiction that has not or cannot be appealed.  In the event that fewer than all of the claims of United States Patent No. 5,964,533 and United States Patent No. RE37, 924 (or claims added during reissue or reexamination of those patents) are cancelled or are held invalid or unenforceable in a final order that has not or cannot be appealed, then Defendant shall not be precluded from seeking modification of this PERMANENT INJUNCTION, upon a showing of non-infringement of such claims that remain.

6. Plaintiff's claims for damages and attorney fees are dismissed with prejudice, provided, however, that any such claims shall be preserved with respect to any infringement of the patents-in-suit by Defendant after the date of entry of judgment.

7. Each party is to bear its own costs and attorney fees.

8. Defendant, its officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this PERMANENT INJUNCTION, are hereby permanently enjoined from making, using, selling, offering to sell or importing, or inducing others to make, use, sell, offer to sell, or import foldable hampers and collapsible containers of the type accused of patent infringement in the Complaint, including: a "Hello Kitty Hamper" (Complaint Exhibit 5), absent Defendant being granted a license by Plaintiff under United States Patent No. 5,964,533 and United States Patent No. RE37, 924, and Defendant not being in any uncured breach of the terms or conditions of any such license so granted.

9. This PERMANENT INJUNCTION shall remain in effect until any one of the following events occurs: (1) the expiration of United States Patent No. 5,964,533 and United States Patent No. RE37, 924, or (2) all of the claims of United States Patent No. 5,964,533 and United States Patent No. RE37, 924 are held to be invalid or unenforceable by a final order of a court of competent jurisdiction that has not or cannot be appealed.  In the event that fewer than all of the claims of United States Patent No. 5,964,533 and United States Patent No. RE37, 924 (or claims added during reissue or reexamination of those patents) are cancelled or are held invalid or unenforceable in a final order that has not or cannot be appealed, then Defendant shall not be precluded from seeking modification of this PERMANENT INJUNCTION, upon a showing of non-infringement of such claims that remain.

10. This Judgment has been unconditionally accepted by authorized representatives of Plaintiff and Defendant.

11. The Court retains jurisdiction to enforce this Order.

                Entered this _____ day of March 2008.

_____
UNITED STATES DISTRICT JUDGE